**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| COX CONTRACTING; VINCENT COX, SR., d/b/a COX CONTRACTING; and VINCENT COX, JR., d/b/a COX CONTRACTING | PLAINTIFFS |
| v.  No. 4:15CV00349 JLH | |
| SICKLE CELL ANEMIA FOUNDATION, INC. OF ARKANSAS | DEFENDANT |

**OPINION AND ORDER**

On October 25, 2013, Sickle Cell Anemia Foundation of Arkansas brought an action, case No. 60CV-2013-4199, against Cox Contracting, Vincent Cox, Sr., and Vincent Cox, Jr., in the Circuit Court of Pulaski County, Arkansas.[1]  The Foundation filed a notice to discharge lien and alleged slander of title, claiming that the defendants improperly filed liens against its property in an attempt to procure funds from it.  The Foundation amended its complaint on May 8, 2014, adding claims for quiet title and fraudulent concealment.  The defendants failed to respond or to appear, and the court granted the plaintiff's motion for default judgment and its motion for attorney's fees.  Vincent Cox, Sr., has now filed a notice of removal with this Court, citing as bases for removal 28 U.S.C. § 1443(1) & (2).

---

[1] The Court takes judicial notice of the facts stated herein from the docket of the Circuit Court of Pulaski County, Arkansas, Case No. 60CV-2013-4199. Fed. R. Evid. 201; *see also Matter of Phillips*, 593 F.2d 356, 358 (8th Cir. 1979) (affirming the propriety of a district court's taking judicial notice of state court pleadings); *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1029 (D. Minn. 2013) (district court taking judicial notice of state court docket).  The docket is publicly available online at https://caseinfo.aoc.arkansas.gov/connect.  Although Sickle Cell Anemia Foundation, Inc. of Arkansas is the plaintiff in the action Cox seeks to remove, in his notice of removal, Cox has inverted the parties.  This Court's docket sheet follows the style of the case as reflected in the notice of removal.

> Under 28 U.S.C. § 1446(b):
>
> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Cox argues that his notice of removal is timely because the initial pleading was served on February 3, 2015. However, the initial complaint in this case was served on the defendants on November 6, 2013, so the time for removing this action has long since elapsed. Furthermore, even if the initial pleading had been served on February 3, 2015, as Cox claims, his notice of removal would still be untimely because his notice was not filed until June 12, 2015. Nothing in 28 U.S.C. § 1443(1) & (2) changes this result.

Moreover, any action removed to this Court must be one over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. District courts have original jurisdiction, among other things, over "all civil actions arising under the Constitution, laws, or treaties of the United States," *id.* § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is "between . . . citizens of different States." *Id.* § 1332. Cox's stated grounds for removal are not sufficient to show that this Court has original jurisdiction over the matter in question.

For these reasons, the action is remanded to the Circuit Court of Pulaski County.

IT IS SO ORDERED this 12th day of June, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE